UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

Nos. 14-1181, 14-1224
_____

UNF WEST, INC.

                        Petitioner/Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD

                        Respondent/Cross-Petitioner

_____

**MOTION OF THE NATIONAL LABOR RELATIONS BOARD
TO STRIKE PORTIONS OF THE JOINT APPENDIX**

To the Honorable, the Judges of the United States
    Court of Appeals for the District of Columbia Circuit:

The National Labor Relations Board ("the Board"), by its Deputy Associate General Counsel, hereby moves to strike portions of the Joint Appendix filed by UNF West ("the Company"). Specifically, the Board requests that the Court strike from the Joint Appendix the Company's Brief in Support of Exceptions that it filed with the Board ("Exceptions Brief") because that document is not part of the record. In support of its motion, the Board states as follows:

    1.    On March 16, 2015, the Company filed the Joint Appendix in this case and included the Company's Exceptions Brief. (Joint Appendix at 158-95.)

2

2. The Board's Rules and Regulations specify what documents constitute the record in the case as follows:

> The charge upon which the complaint was issued and any amendments thereto, the complaint and any amendments thereto, motions, rulings, orders, the stenographic report of the hearing, stipulations, exhibits, documentary evidence, and depositions, together with the administrative law judge's decision and exceptions, and any cross-exceptions or answering briefs as provided in section 102.46, shall constitute the record in the case.

29 C.F.R. § 102.45(b).

3. Federal Rule of Appellate Procedure 16(a) provides as follows:

> Composition of the Record. The order sought to be reviewed or enforced, the findings or report on which it is based, and the pleadings, evidence and proceedings before the agency shall constitute the record on review in proceedings to review or enforce the order of an agency.

Fed. R. App. P. 16(a). Further, the Notes of the Advisory Committee on Appellate Rules state with respect to Rule 16(a): "There is no distinction between the record compiled in the agency proceeding and the record on review; they are the same."

4. On November 3, 2014, the Board sent the Court a list of the documents contained in the record. The list did not include the Company's Exceptions Brief because it is not part of the record before the Board. *See A.H. Belo Corp. v. NLRB*, 411 F.2d 959, 967 (5th Cir. 1969) (brief in support of exceptions not part of record on appeal). The Board served a copy of the list on the Company.

3

5. On December 22, 2014, the Company submitted its opening brief, wherein the Company asked the Court to "incorporate[e] by reference" its Exceptions Brief and to consider the arguments, authorities, and record citations contained in that document. (Br. 19.) Because the Company's Exceptions Brief is not part of the record, the Board filed a motion to strike all portions of the Company's opening brief that rely upon the arguments, authorities, and record citations contained in the Exceptions Brief. That motion is currently pending before the Court.

6. On February 6, 2015, the Company belatedly sent the Board its designation of materials for inclusion in the deferred Joint Appendix, which included the Exceptions Brief. The Board responded the same day, informing the Company that the Exceptions Brief was not part of the record on appeal and therefore could not be included in the appendix. The Company did not respond. *See* Motion to Strike, Attachment A.

7. On March 13, 2015, the Company informed Board Counsel that it intended to include the Exceptions Brief in the deferred Joint Appendix. Counsel for the Board objected to the Company's inclusion of the Exceptions Brief but proposed that the Company lodge the brief with the Court by including it in the Joint Appendix and delineating it as non-record material. The Company rejected the Board's proposal.

4

8. Because the Exceptions Brief is not part of the record in this case, it should be stricken from the appendix. *See Kansas State Network v. FCC*, 720 F.2d 185, 191 (D.C. Cir. 1983) (motion to strike non-record material from appendix granted); *ABC Trans-National Transport, Inc. v. NLRB*, 642 F.2d 675, 678 n.5 (3d Cir. 1981) (motion to strike non-record material from appendix granted).

WHEREFORE the Board respectfully requests that the Court strike the non-record material in the Joint Appendix, specifically pages 158-195.

/s/ Linda Dreeben
Linda Dreeben
Deputy Associate General Counsel
National Labor Relations Board
1099 14th Street, NW
Washington, D.C.  20015
(202)-273-2960

Dated at Washington, D.C.
this 18th day of  March 2015